OFFICE COPY



ANDERSON KILL & OLICK, P.C.
James M. Andriola (JA-9298)
1251 Avenue of the Americas
New York, New York 10024
(212) 278-1501

Attorneys for Plaintiff
First Manhattan Consulting Group, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   **JUDGE KARAS**

04 CV 9744

---

First Manhattan Consulting Group, Inc.,

                Plaintiff,

- v -

Rosetta Marketing Strategies Group, LLC,

                Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No.**

---

First Manhattan Consulting Group, Inc., by its attorneys, as and for its complaint against the Defendant Rosetta Marketing Strategies Group, LLC alleges as follows:

## PARTIES

1.     The Plaintiff First Manhattan Consulting Group, Inc. ("First Manhattan Consulting") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 90 Park Avenue, New York, New York 10016.

2.     The Defendant Rosetta Marketing Strategies Group, LLC ("RMSG") is a limited liability company organized under the laws of the State of

Delaware, with its principal place of business located at 502 Carnegie Center, Suite 100, Princeton, New Jersey 08540.

## JURISDICTION & VENUE

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. §1121 because (a) certain claims in this action arise under federal trademark law; (b) certain claims in this action arise under federal unfair competition law; and (c) this Court has supplemental jurisdiction over claims arising under state law.

4.     RMSG is subject to the jurisdiction of this Court based on acts giving rise to infringements, unfair competition and other torts in this district. RMSG sells and markets goods and services and does substantial business throughout the United States, including within this district.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b), because a substantial part of the events giving rise to the claims has taken place and is taking place in this District and RMSG is subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

The Rosetta CSI Joint Venture

6.     First Manhattan Consulting is a management consulting firm with more than 20 years' experience in serving financial institutions on a wide range of top-management issues, including, but not limited to, segment-based research, analysis and marketing.  Such research and analysis helps companies build and implement their sales and marketing programs by identifying target audiences and markets, and tailoring marketing treatments to those targets.

7.     RMSG was, upon information and belief, founded in 1998 by Christopher Kuenne.  Prior to founding RMSG, Mr. Kuenne worked with First Manhattan Consulting for approximately 3 years.  During his tenure at First Manhattan Consulting, Mr. Kuenne learned the financial consulting business from First Manhattan Consulting's co-founder, James McCormick, and others.

8.     In or about July 2000, RMSG approached First Manhattan Consulting seeking to form a joint venture to sell segment-based marketing and consulting services to, for the most part, financial institutions.  The joint venture began in November 2000, and the joint venture's consulting business was conducted under the name "Rosetta CSI."

9.     After commencement of the joint venture business, a Delaware limited liability company entitled Rosetta CSI, LLC was established as the corporate entity thorough which the joint venture's business would be conducted.  According to tax returns filed at the direction of RMSG, First Manhattan Consulting is identified as a member of Rosetta CSI, LLC, with a 47% interest in the profit, loss and capital of Rosetta CSI, LLC.  For the remainder of the complaint, the aforementioned joint venture will be referred to as the "Rosetta CSI Joint Venture."  The parties never executed an operating agreement or shareholders' agreement concerning the Rosetta CSI Joint Venture.

10.     During its existence, some clients of the Rosetta CSI Joint Venture were jointly serviced by both RMSG and First Manhattan Consulting, while some clients were serviced by either RMSG or First Manhattan Consulting.

11.     During the existence of the Rosetta CSI Joint Venture, employees of RMSG routinely worked at First Manhattan Consulting's office space at 90 Park Avenue, New York, New York.

12.     On or about November 8, 2004, by agreement of RMSG and First Manhattan Consulting, the Rosetta CSI Joint Venture ended.

First Manhattan Consulting's Trademark Rights and RMSG's Infringing Activities

13.     Commencing at least as early as January 2001, First Manhattan Consulting adopted the mark POWER QUESTIONS for use in its consulting business.

14.     On September 24, 2004, Registration No. 2,626,413 (Class 35) on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"), was duly and legally issued to First Manhattan Consulting for the mark POWER QUESTIONS, claiming a date of first use of January 2001, as applied to "marketing research and analysis and consulting services, including, but not limited to, identifying target audiences and target markets which assist companies in the building of advertising, marketing and promotional strategies, and preparing reports relating thereto." A copy of the Certificate of Registration is annexed hereto at Exhibit 1.

15.     Commencing at least as early as January 2001, First Manhattan Consulting adopted the mark FINANCIAL PERSONALITY for use in its consulting business.

16.     On November 19, 2002, Registration No. 2,652,870 (Class 35) on the Supplemental Register of the USPTO, was duly and legally issued to

4

First Manhattan Consulting for the mark FINANCIAL PERSONALITY, claiming a date of first use of January 2001, as applied to "marketing research and analysis and consulting services, including, but not limited to, identifying target audiences and target markets which assist companies in the building of advertising, marketing and promotional strategies, and preparing reports relating thereto." A copy of the Certificate of Registration is annexed hereto at Exhibit 2.

17.     Although it was aware that First Manhattan Consulting had applied for registration of the foregoing marks with the USPTO, RMSG did not commence any proceedings with the USPTO opposing registration of same.

18.     First Manhattan Consulting permitted and/or licensed the Rosetta CSI Joint Venture and RMSG to use the POWER QUESTIONS and FINANCIAL PERSONALITY marks for so long as First Manhattan Consulting participated in such a joint venture.  When the Rosetta CSI Joint Venture ended, said license to RMSG to use the POWER QUESTIONS and FINANCIAL PERSONALITY marks terminated.  Even though the Rosetta CSI Joint Venture ended on November 8, 2004, RMSG continues to use these marks.  Annexed hereto at Exhibit 3 are printouts from RMSG's Web site dated December 9, 2004 showing the continued use of the marks POWER QUESTIONS and FINANCIAL PERSONALITY by RMSG.

RMSG'S Acts of Unfair Competition and Defamation

19.     CIBC Credit Card ("CIBC") is a financial institution based in Toronto, Canada.  During the existence of the Rosetta CSI Joint Venture, CIBC was jointly serviced by RMSG and First Manhattan Consulting.

20.     On November 16, 2004, after the parties had agreed to terminate the Rosetta CSI Joint Venture, Christopher Kuenne sent an e-mail to Ernie Johannson and Julio Tavares of CIBC, which states in its entirety:

> Ernie:
>
> I just left you a voice mail on this topic.
>
> Unfortunately, the firm we had been in a JV with to help manage some of our segment-based marketing work, FMCG, has apparently contacted you in the hope of serving you in our place.  It is most unfortunate that they seem to be putting their economic interests ahead of your business needs.
>
> As you recall from your due dilligence [sic] discussions with both ATT wireless and Chase, it is our proprietary approaches and knowledge that delivers actionable segment-based marketing.
>
> I would like to come up a meet [sic] with you at your earliest convenience to confirm our plan moving forward.  I will ask my assistant to schedule some time through Jasnine [sic] as soon as possible.
>
> Chris

A copy of Mr. Kuenne's e-mail is annexed hereto at Exhibit 4.

<u>RMSG's Failure to Make Timely Payment to First Manhattan Consulting</u>

21.     During its existence, clients of the Rosetta CSI Joint Venture were issued invoices from and would remit payment to the joint venture.  In turn, RMSG and First Manhattan Consulting would split the revenue received on a 50/50 basis.  As part of this arrangement, First Manhattan Consulting would submit invoices to the Rosetta CSI Joint Venture representing half of the amount billed to joint venture clients.  First Manhattan Consulting would then receive payment from the Rosetta CSI Joint Venture for the amount it invoiced to same.

22.     RMSG's principals, officers and/or employees are, and at all relevant times have been, responsible for the billing practices of the Rosetta CSI Joint Venture, including invoicing joint venture clients, receiving payment from joint venture clients, and making payments to First Manhattan Consulting.

23.     As per the above-described billing practice, on July 21, 2004, August 25, 2004, September 1, 2004, November 1, 2004, November 8, 2004, November 12, 2004, November 15, 2004 and December 7, 2004, First Manhattan Consulting submitted invoices to RMSG for work done on behalf of the Rosetta CSI Joint Venture.  Copies of these invoices which total $583,926 are annexed hereto at Exhibit 5.  RMSG has refused to make payment to First Manhattan Consulting for the foregoing invoices.

## FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT

24.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

25.     The acts of RMSG complained of herein constitute infringement of First Manhattan Consulting's federally registered trademark, POWER QUESTIONS, in violation of 15 U.S.C. § 1114.

26.     Further, as set forth above, RMSG's aforesaid acts constitute a willful and knowing violation of the Lanham Act.

27.     As a consequence of RMSG's willful and knowing violation of 15 U.S.C. § 1114, First Manhattan Consulting has been damaged in an amount to be determined at trial, is entitled to treble damages and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## SECOND CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN

28.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

29.     The acts of RMSG complained of herein constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that RMSG's continued use of the terms POWER QUESTIONS and FINANCIAL PERSONALITY is likely to deceive customers and prospective customers into believing that the services and/or products marketed and sold by RMSG are those of, or are sponsored or approved by, First Manhattan Consulting, and, as a consequence, are likely to confuse or divert customers away from First Manhattan Consulting.

30.     Further, as set forth above, RMSG's aforesaid acts constitute a willful and knowing violation of the Lanham Act.

31.     As a consequence of RMSG's willful and knowing violation of 15 U.S.C. § 1125(a)(1)(A), First Manhattan Consulting has been damaged in an amount to be determined at trial, is entitled to treble damages and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## THIRD CAUSE OF ACTION - FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT

32.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

33.     The statements made by RMSG, as specified herein, constituted commercial advertising or promotion.

8

34.    RMSG and First Manhattan Consulting each offer segment-based marketing and consulting services to financial institutions.

35.    Upon information and belief, the statements made by RMSG, as specified herein, were made for the purpose of, among other things, securing CIBC as a customer of RMSG after the dissolution of the Rosetta CSI Joint Venture, as well as increasing RMSG's overall share of the segment-based consulting market.

36.    The statements made by RMSG, as specified herein, were made to employees and/or officers of CIBC, which company was formerly jointly serviced by RMSG and First Manhattan Consulting and is now a potential customer of First Manhattan Consulting and therefore part of the relevant purchasing public of First Manhattan Consulting's services.

37.    Upon information and belief, RMSG has made similar statements to other potential customers of First Manhattan Consulting.

38.    The statements made by RMSG, as specified herein, constitute false and/or misleading statements of fact about the goods, services and commercial activities of First Manhattan Consulting.  Namely, the e-mail to CIBC states and/or implies that First Manhattan Consulting is incapable of servicing CIBC and not caring about CIBC's needs.  In addition, the e-mail imputes misconduct on the part of First Manhattan Consulting in the timing and content of its communications with CIBC.

39.    The statements made by RMSG, as specified herein, have the capacity to deceive a substantial segment of potential customers and the

deception is material, in that it is likely to influence the customer's purchasing decision.

40.    First Manhattan Consulting's and RMSG's goods, services and commercial activities are in interstate commerce, and the false or misleading statements about First Manhattan Consulting's goods, services and commercial activities were made by RMSG in interstate commerce.

41.    As a result of the statements made by RMSG, as specified herein, CIBC retained RMSG rather than First Manhattan Consulting after the dissolution of the Rosetta CSI Joint Venture.  Such a retention will likely earn RMSG consulting fees of at least $1.8 million, or profits in the approximate amount of $900,000.

42.    The foregoing conduct by RMSG violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

43.    The false advertisement by RMSG has been willful and deliberate.

44.    First Manhattan Consulting is entitled to treble damages and attorneys' fees pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117 (b).

45.    RMSG's misrepresentations will continue unless enjoined by this Court.  As a consequence, First Manhattan Consulting has been damaged in an amount presently undetermined but estimated to be in excess of $900,000 and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## FOURTH CAUSE OF ACTION - DEFAMATION

46.    First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

47.    The statements made by RMSG, as specified herein, were false and defamatory statements of fact.

48.    RMSG knew, or should have known, that the statements which it made, as specified herein, were false.

49.    The statements made by RMSG, as specified herein, concern First Manhattan Consulting.

50.    The statements made by RMSG, as specified herein, were communicated to persons other than employees or officers of First Manhattan Consulting, namely employees or officers of CIBC.

51.    As a result of RMSG's false and defamatory statements of fact, First Manhattan Consulting has been exposed to contempt and ridicule, and suffered damage to its business reputation.  In particular, RMSG's statements prevented First Manhattan Consulting from being retained by CIBC after the dissolution of the Rosetta CSI Joint Venture.  Such a retention would have likely earned First Manhattan Consulting fees of at least $1.8 million, or profits in the approximate amount of $900,000.

52.    As a consequence, First Manhattan Consulting has been damaged in an amount presently undetermined but estimated to be in excess of $900,000 and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## FIFTH CAUSE OF ACTION - LIBEL PER SE

53.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

54.     RMSG knew, or should have known, that the statements which it made, as specified herein, were false.

55.     The statements made by RMSG, as specified herein, concern First Manhattan Consulting.

56.     The statements made by RMSG, as specified herein, were communicated to persons other than employees or officers of First Manhattan Consulting, namely employees or officers of CIBC.

57.     The statements made by RMSG, as specified herein, impute misconduct to First Manhattan Consulting and characteristics which are incompatible with First Manhattan Consulting's business and trade, have prejudiced First Manhattan Consulting in the conduct of its business and trade, and have deterred CIBC and possibly others from dealing with First Manhattan Consulting.

58.     The statements made by RMSG, as specified herein, thus constitute libel per se.

59.     As a consequence, First Manhattan Consulting has been damaged in an amount presently undetermined but estimated to be in excess of $900,000 and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## SIXTH CAUSE OF ACTION - UNFAIR COMPETITION

60.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

61.     RMSG's aforesaid activities constitute unfair competition and deceptive trade practices.

62.     RMSG's unlawful conduct will continue unless enjoined by this Court.  By reason of the foregoing, First Manhattan Consulting has been damaged in an amount presently undetermined but estimated to be in excess of $900,000 and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## SEVENTH CAUSE OF ACTION - VIOLATION OF NEW YORK UNFAIR BUSINESS PRACTICES ACT

63.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

64.     By committing the acts herein alleged, RMSG has been guilty of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade and/or commerce, in violation of the New York Unfair Business Practices Act all to First Manhattan Consulting's irreparable harm and causing harm to members of the public and consumers of the parties' respective products and services.

65.     Further, as set forth above, RMSG's aforesaid acts constitute a willful and knowing violation of New York's Unfair Business Practices Act.

66.    As a consequence of RMSG's willful and knowing violation of New York Gen. Bus. Law § 349, First Manhattan Consulting has been damaged in an amount presently undetermined but estimated to be in excess of $900,000 and, with respect to continuing violations, First Manhattan Consulting has no adequate remedy at law and therefore is entitled to injunctive relief.

## EIGHTH CAUSE OF ACTION – ACCOUNT STATED

67.    First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

68.    On July 21, 2004, August 25, 2004, September 1, 2004, November 1, 2004, November 8, 2004, November 12, 2004, November 15, 2004 and December 7, 2004, First Manhattan Consulting submitted statements of account to RMSG for work, labor and services that it had performed on Rosetta CSI Joint Venture projects.  These statements of account total $583,926.  See Exhibit 5.

69.    RMSG has received, accepted and retained said statements of account.

70.    Upon information and belief, RMSG has received payment from clients of the Rosetta CSI Joint Venture for the work completed during the existence of said joint venture.

71.    No payment of said account has been made, although due demand for the full amount has been made.  Accordingly, an account has been stated in favor of First Manhattan Consulting and against RMSG for $583,926, the full amount of which remains due and owing from RMSG to First Manhattan Consulting.

## NINTH CAUSE OF ACTION – QUANTUM MERUIT

72.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

73.     There are numerous invoices, some dating as far back as June 2004, for which First Manhattan Consulting has not received any payment for work, labor and services performed on Rosetta CSI Joint Venture projects. This work was not intended to be gratuitous, was accepted, utilized and paid for by clients of the Rosetta CSI Joint Venture, and this work is reasonably worth $583,926.

74.     No payment for the work has been made by RMSG.  RMSG is therefore liable to First Manhattan Consulting in quantum meruit for the full value of the work done, a sum equal to no less than $583,926.

## TENTH CAUSE OF ACTION – UNJUST ENRICHMENT

75.     First Manhattan Consulting repeats and realleges the allegations contained in paragraphs 1 - 23 as though fully set forth herein.

76.     Upon information and belief, RMSG has received payment from clients of the Rosetta CSI Joint Venture for the work completed during the existence of said joint venture.

77.     RMSG has thus been unjustly enriched by obtaining payment from clients of the Rosetta CSI Joint Venture and in turn refusing to turn over half of the proceeds to First Manhattan Consulting, a sum equal to no less than $583,926.

**WHEREFORE**, First Manhattan Consulting prays that:

(a) The Court issue a permanent injunction enjoining RMSG, its affiliates and subsidiaries, officers, agents, servants, employees, attorneys, and those in concert or privity with them from, among other things:

(i) misrepresenting the nature, qualities, or characteristics of First Manhattan Consulting's goods, services and/or commercial activities, including making statements that would prejudice First Manhattan Consulting in the conduct of its trade or business, and/or have the potential to deter others from dealing with First Manhattan Consulting;

(ii) using the marks POWER QUESTIONS and FINANCIAL PERSONALITY in connection with any products or services whatsoever, including in connection with domain names or Web sites; and

(iii) engaging in unfair competition with First Manhattan Consulting;

(b) The Court grant an award of damages in an amount to be determined at trial, but believed to be in excess of $900,000, to be trebled, in favor of First Manhattan Consulting;

(c) Court grant judgment against RMSG and in favor of First Manhattan Consulting with respect to the monies due and owing First Manhattan Consulting in satisfaction of the invoices submitted, in the total amount of $583,926, plus interest thereon at the maximum rate permissible by law, calculated from the time such monies were first due and owing;

(d)  The Court award attorneys' fees, costs and disbursements; and

(e)  The Court award First Manhattan Consulting such other and/or further relief as may be just and equitable.

## **DEMAND FOR JURY TRIAL**

First Manhattan Consulting hereby demands a jury trial of all issues that may be so tried.

Dated: December 10, 2004

Respectfully submitted,

By: _____

James M. Andriola, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000
Facsimile:  212-278-1733 \

Attorneys for Plaintiff
First Manhattan Consulting Group, Inc.

**EXHIBIT 1**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**Reg. No. 2,626,413**

## United States Patent and Trademark Office

Registered Sep. 24, 2002

### SERVICE MARK
### PRINCIPAL REGISTER

## POWER QUESTIONS

FIRST MANHATTAN CONSULTING GROUP (DELAWARE CORPORATION)
90 PARK AVENUE
NEW YORK, NY 10016

FOR: MARKETING RESEARCH AND ANALYSIS AND CONSULTING SERVICES, INCLUDING, BUT NOT LIMITED TO, IDENTIFYING TARGET AUDIENCES AND TARGET MARKETS WHICH ASSIST COMPANIES IN THE BUILDING OF ADVERTIS-ING, MARKETING AND PROMOTIONAL STRATEGIES, AND PREPARING REPORTS RELATING THERETO, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2001; IN COMMERCE 1-0-2001.

SN 76-219,416, FILED 3-2-2001.

ZHALEH DELANEY, EXAMINING ATTORNEY

**EXHIBIT 2**

11/16/2004 TUE 14:38 [TX/RX NO 5690] ☒002

NOV. 16. 2004  2:21PM   STEINBERG & RASKIN          NO. 004    P. 2

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**Reg. No. 2,652,870**

## United States Patent and Trademark Office
Registered Nov. 19, 2002

### SERVICE MARK
### SUPPLEMENTAL REGISTER

### FINANCIAL PERSONALITY

FIRST MANHATTAN CONSULTING GROUP
(DELAWARE CORPORATION)
90 PARK AVENUE
NEW YORK, NY 10016

FOR: MARKETING RESEARCH AND ANALYSIS AND CONSULTING SERVICES, INCLUDING, BUT NOT LIMITED TO, IDENTIFYING TARGET AUDIENCES AND TARGET MARKETS WHICH ASSIST COMPANIES IN THE BUILDING OF ADVERTIS-ING, MARKETING AND PROMOTIONAL STRATEGIES, AND PREPARING REPORTS RELATING THERETO, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2001; IN COMMERCE 1-0-2001.

SER. NO. 76-219,414, FILED P.R. 3-2-2001; AM. S.R. 7-29-2002.

ZHALEH DELANEY, EXAMINING ATTORNEY

**EXHIBIT 3**



**"Better Results Through Segment-Based Marketing"**



- Home
- Company Information
- Business Results
- The Rosetta Difference
  - (+) What makes Rosetta unique
  - (+) Overview of the System
  - (+) Client Testimonials
  - (+) Glossary of Terms
- Industries Served
- Case Studies
- Careers
- Contact Us
- Site Map

SEARCH

**GLOSSARY OF T[**

### BAU - Business as Usual
Term used for the client's current marketing and promotional efforts. BAU messaging is designed to appeal to all potential customers, in contrast to NAB segment-based marketing efforts which target specifi[ segments with tailored messaging.

### Backtest
X-tool segment scoring of previously completed marketing campaigns (that did not use NAB as a targeting criteria) to determine segment differences in response rate or profitabilty.  Backtests are often used t[ validate the segmentation.

### Combo Tool
A tool that uses both behavioral data (Xtool) and attitudinal/needs questions (Power Questions) to determine a customer's segment. In validation tests, the Combo tool was over 75% accurate in correctly predicting a customer's segment.

### DM – Direct Marketing
Marketing channels that directly target the end user; examples includ[ direct mail or email.

### FP – Financial Personality
Rosetta CSI term for "segments," used primarily within the Financial Services industries.

### NAB – Needs, Attitudes and Behaviors
Rosetta segmentations are based on these three comprehensive dimensions in contrast to traditional marketing segmentations based o[ customer demographics.

### PQ - Power Questions
Questions generated from the SOF model that can accurately and quickly type customers into a segment using just 5-10 questions on average.  The typical accuracy rate is over 70%.

### RCT – Rapid Cycle Testing
RCT is typically done in an outbound telemarketing platform.  It is a tightly managed, accelerated learning process of interacting with customers to:
- Isolate high-potential targets based on relevant needs, attitude preferences through Segment-on-the-FlySM
- Test and refine segment-tailored dialogues and value propositions to dramatically improve profitability

### Scoring
Also referred to as Typing. The process of scoring an existing custom[ or potential customer into a segment using a SOF or Xtool model.

### SBM – Segment-Based Marketing

Strategy used in order to target customers and prospects with the appropriate message, product and offers based on their segment profi

## SOF – Segment-on-the-Fly[SM]

Proprietary model used to type customers into a segment with a high degree of accuracy. Most SOF models can achieve 75% accuracy with just 5-10 questions.

## Test Cell

Test cells are often used in various RCT or campaign tests to measure the efficacy of NAB segments. An individual test cell will usually have specific PMO targeted toward a specific segment versus a generic Business-as-Usual message.

## Xtool – Extrapolation Tool

A method of scoring customers into segments using existing behavior data. X-tools are more applicable than SOF when it is infeasible to ask PQ (e.g. to a client's entire customer base).

© 2003 Rosetta Marketing Strategies Group. All Rights Re:
Legal Dis

What makes Rosetta Unique?                                              Page 1 of 2

Case 1:04-cv-09744-KMK   Document 1   Filed 12/10/04   Page 25 of 59





- **Home**
- **Company Information**
- **Business Results**
- **The Rosetta Difference**
  - (+) What makes Rosetta unique
  - (+) Overview of the System
  - (+) Client Testimonials
  - (+) Glossary of Terms
- **Industries Served**
- **Case Studies**
- **Careers**
- **Contact Us**
- **Site Map**

SEARCH

WHAT MAKES ROSETTA UNI

Rosetta has "cracked the code" of actionable segmentation by bringing greater analytical rigor and discipline to following business processes:

- **Segment Discovery**: Our proprietary data gathering and modeling technique simultaneously clusters on need, attitude, and behavioral dimensions. Our modes-based algorithm maximizes discrimination and resolution.

- **Segment Typing Tools**: Rosetta's more distinctive segments can be more accurately scored and typed through: extrapolation-based scoring tools (X-Tools), scalable question-based scoring tools (Power Questions$^{SM}$), and research-based question scoring tools.

- Multi-Channel Implementation Tools: Rosetta has a set of tested segment decision rules that define more effective and efficient campaigns that generate higher ROI.

© 2003 Rosetta Marketing Strategies Group. All Rights Re
Legal Dis





- **Home**
- **Company Information**
- **Business Results**
  - (+) Increase Cross-Sell & Up-Sell
  - (+) Grow my Customer Base
  - (+) Improve Marketing ROI
  - (+) Optimize my Media Expenditures
  - (+) Increase Revenue per Sale
  - (+) Measure Marketing Effectiveness
  - (+) Design Optimal Product Packages
  - (+) Improve Response of Marketing
  - (+) Develop Optimal Monetization
  - (+) Identify your Best Customers
- **The Rosetta Difference**
- **Industries Served**
- **Case Studies**
- **Careers**
- **Contact Us**
- **Site Map**

SEARCH

BUSINESS RES

Rosetta has successfully implemented its Segment-Based Marketing System to the delight of its clients across a wide variety of consumer services and product industries.

Here are some of the ways Rosetta can help:

- Increase Cross-Sell & Up-Sell among Customers

- Grow my Customer Base

- Improve Marketing ROI

- Optimize my Media Expenditures

- Increase Revenue per Sale

- Measure my Marketing Effectiveness

- Design Optimal Product Packages

- Improve the Response Rate of my Marketing Campaigns

- Develop Optimal Monetization Strategy

- Identify your Best Customers

**Demos**

- Intrawest Demo

- Financial Personality Demo

© 2003 Rosetta Marketing Strategies Group. All Rights Re:
Legal Dis



ROSETTA ® CSI
An Alliance with FMCG

Welcome to the demonstration site for the

# FINANCIAL PERSONALITY SM
# TARGETED MARKETING SYSTEM

## Key Elements of the Demonstration include

> **OVERVIEW** - of our Financial Personality SM Targeted Marketing approach

> **INTERACTIVE DEMONSTRATION** - of Financial Personality SM targeting that lets you experience
of your customers will experience -

- The real-time Power Questions SM typing tool used to identify your Financial Personality SM
- Marketing offers tailored to your Financial Personality SM

> **TRYING IT ON YOUR SITE** - an overview of how we can be testing Financial Personality SM Target
Marketing on YOUR internet banking site with YOUR customers in less than 4 weeks





- Home
- Company Information
- Business Results
- The Rosetta Difference
  (+) What makes Rosetta unique
  (+) Overview of the System
  (+) Client Testimonials
  (+) Glossary of Terms
- Industries Served
- Case Studies
- Careers
- Contact Us
- Site Map

SEARCH



THE ROS

## Phase I: Segment Discovery and Validation

In order to gain a holistic understanding of the complex belief structures d choice, Rosetta collects and structures data elements in the following fram



**Needs:** What are emotional & rati which are serve attributes and its

**Attitudes:** What are the consumer's beliefs and emotions that drive behavior?

**Behaviors:** What are measurable actions taken by, or normative facts about, the consumer.

With an understanding of the Needs, Attitudes, and Behaviors (NAB) of the category, we can develop a segmentation structure using our proprietary s

The next step in our process of Segment Discovery is to develop tools that customers into their appropriate segment. Scoring tools act as the primary business results across marketing initiatives – helping you find the segmer more likely to respond or deliver higher profits.

For customer interactions such as outbound telemarketing, a website, or a sales call, we develop a Segment-on-the-Fly[SM] (SOF) tool. The SOF tool p Power Questions[SM] that best predict a person's segment. By asking these Questions[SM] to customers, our SOF tools can type customers and prospec 85% accuracy. To see Power Questions in action, please review our Financ Demo.

However, in some cases the client will not be able to have a dialog with th such as direct mail. For these environments, we develop an Extrapolation X-Tools are built using a combination of statistically-based predictive proce econometric modeling techniques. Because we are unable to ask customer about their needs and attitudes in the development of X-Tools, our typing somewhat diminished.

Recently, we have developed Combination Tools that use the X-tool segme and a reduced number of Power Questions[SM]. Combination Tools are ideal teleservicing efforts where customers are interested in limiting the length

Validation of the segmentation structure is an important element of the Ro
Based Marketing System. A Backtest of a client's prior marketing efforts a
determine if the segments are differentiated based on profitability, respon
risk. Clients are often excited when they can see that certain segments ar
profitable or 6 times more likely to respond to a marketing effort.



© 2003 Rosetta Marketing Strategies Group.

**EXHIBIT 4**

```
-----Original Message-----
From: Chris Kuenne [mailto:CKuenne@rmsg.com]
Sent: Tuesday, November 16, 2004 4:06 PM
To: Johannson, Ernie; Tavares, Julio
Subject: The Rosetta Project
```

Ernie:

I just left you a voice mail on this topic.

Unfortunately, the firm we had been in a JV with to help manage some of our segment-based marketing work, FMCG, has apparently contacted you in the hope of serving you in our place.  It is most unfortunate that they seem to be putting their economic interests ahead of your business needs.

As you recall from your due dilligence discussions with both ATT wireless and Chase, it is our proprietary approaches and knowledge that delivers actionable segment-based marketing.

I would like to come up a meet with you at your earliest convenience to confirm our plan moving forward.  I will ask my assistant to schedule some time through Jasnine as soon as possible.

Chris
---------------------------
Sent from my BlackBerry Wireless Handheld

**EXHIBIT 5**

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

Via Email

July 1, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is our invoice for professional services fees and project related expenses related to our support on the *JPMorganChase MG-Optimized Messaging for DM.*

This invoice represents our fee for June, 2004.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

EA_JPMC13_10018_07-01-04_MM

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

July 1, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number: JPMC-13
Invoice Number: 10018 Ref #1013

### *JP Morgan Chase - HELOC Test and Learn Pilot*

**Professional Fees**

For June, 2004

$32,000

**Total Due:**     <u>**$32,000**</u>

---

> *Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.*
> *If there are any questions regarding invoices please notify the First Manhattan Consulting Group*
> *manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement*
> *and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate*
> *on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_JPMC13_10018_07-01-04_MM

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

August 25, 2004

| Via Email |
| --- |

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton,  NJ 08540

Dear Chris:

Enclosed is the invoice for 50% of the professional services and license fees billed today to the client for the *Merrill Lynch Bank Cross Sell* project. We understand that the billings and this invoice reflects complete prepayment RCSI deliverables through the entirety of the project.

This amount covers the period from August through December 2004.

Sincerely,

Roger Travis
Director

Enclosure

EA_MLC-17_10056_8-25-04(mm)

# First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

August 25, 2004

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton, NJ 08540

Project Number: MLC-17
Invoice Number: 10056 Ref:1022

### *Merrill Lynch Bank Cross Sell*

**Professional Fees**

For the period from August
through December, 2004

$105,000

**License Fee for Use of RCSI Segmentation Frameworks**

For a six month period beginning
September 1, 2004

$75,000

Total Due:   $180,000

---

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_MLC-17_10056_8-25-04(mm)

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

August 25, 2004

Via Email

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton,  NJ 08540

Dear Chris:

Enclosed is the invoice for the FMCG 50% share of the Dynamic Dialogue license and professional fees related to the *Merrill Lynch Bank Cross Sell* project invoiced today to the client.

Specifically, this invoice reflects advance payment for the use of the DD tools for 6 months and professional services during September and October 2004.

Sincerely,

Roger Travis
Director

Enclosure

EA_MLC-17_10057_8-25-04(mm)

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

August 25, 2004

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton, NJ 08540

Project Number: MLC-17
Invoice Number: 10057 Ref:1023

---

### *Merrill Lynch Bank Cross Sell*

**Dynamic Dialogue Professional Fees**

For the period from August 16
through October 31, 2004                                              $45,000

**Prepaid Dynamic Dialogue License Fee**

For a six month period beginning
September 1, 2004                                                     $30,000

                                        Total Due:                   $75,000

---

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.*
*If there are any questions regarding invoices please notify the First Manhattan Consulting Group*
*manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement*
*and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate*
*on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_MLC-17_10057_8-25-04(mm)

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

Via Email

September 1, 2004

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton, NJ  08540

Dear Chris:

Enclosed is the initial invoice for professional services, project related expenses to support on the *DM Optimization* project.

The time period covered is for August 15 through August 28, 2004. We are rendering this invoice in keeping with the historical 50% sharing arrangement. We will be sending our travel expenses in a separate invoice.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

JPMC-24_10064_09-01-04_mm(aug)

1

# First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

September 1, 2004

Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Ctr, Suite 100
Princeton, NJ   08540

Project Number: JPMC-24
Invoice Number: 10064 Ref:1024

## *JPMorgan Chase: DM Optimization*

**Professional Fees**

For August 15 through August
28, 2004

$23,750

**Total Due:**          **$23,750**

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable.  An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

## First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

| Via E-Mail |

November 1, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is the invoice for professional services, project and travel related expenses to support the *Task Order V – CIM Implementation* project.

The time period covered is for October 2004. We are rendering this invoice in keeping with the historical 50% sharing arrangement.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

JPMC-CIM_10104_11-01-04_ep(oct)

## *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

November 1, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number: CIM (T.O.V)
Invoice Number: 10104
Reference Number: 1034

### *JPMorgan Chase: Task Order V – CIM Implementation 2004*

**Professional Fees**

October 2004

$27,500

**Travel Related Expenses**

October 2004

$3,308

**Total Due:**                    **$30,808**

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable.  An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

JPMC-CIM_10104_11-01-04_ep(oct)

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

### *JPMorgan Chase:  Task Order V – CIM Implementation 2004*

| | Air Fare | Ground Transportation | Lodging | Meals | Miscellaneous |
|---|---|---|---|---|---|
| **Kerla Moore** | 407.60<br>303.20<br>232.80<br>40.00 | 108.49<br>235.38<br>61.20<br>57.12<br>70.38<br>5.00 | 297.02<br>65.57<br>467.82<br>142.50<br>27.61 | 4.65<br>7.25<br>5.82<br>5.08<br>47.77<br>3.58<br>5.35<br>6.42<br>4.15<br>5.36<br>9.20<br>5.95<br>4.17<br>7.61<br>4.05<br>29.28<br>4.25 | 15.00<br>6.00<br>360.43<br>19.00<br>25.74<br>182.09<br>17.96 |
| | **983.60** | **537.57** | **1000.52** | **159.94** | **626.22** |
| **Total** | | | | | **$3,308** |

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

Via E-Mail

November 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is an invoice for professional services and associated expenses related to
support on *Developing a PCM Segmentation Framework and Power Question Typing
Tool* project.

The time period covered is the four weeks from October 9 through November 5, 2004.

Sincerely,

David P. Tetenbaum
Managing Vice President

Enclosure

EA_WFB-39_10111_11-08_ep

# First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

November 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number:  WFB-39
Invoice Number:  10111
Reference Number:  1036

*Developing a PCM Segmentation Framework and Power Question Typing Tool*

### Professional Fees

For the 4-week period from October 9
through November 5, 2004

$12,500

### Project Related Costs
### (Estimated at 17.5%)

Including computer/infrastructural support for
analysis (e.g., hardware, software and database
access costs), data and voice communications, report
preparation and reproduction, secretarial services,
accounting support, and expenses associated with
out-of-town travel and extended work days, e.g., cabs
and late meals

2187.50

Total Due:  $14,687.50

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_WFB-39_10111_11-08_ep

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

Via E-Mail

November 12, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is an invoice for professional services and associated expenses related to support on the *Credit Card Segmentation* project.

The time period covered is from October 12 through November 5, 2004.

Sincerely,

Roger M. Travis
Senior Vice President

Enclosure

EA_CIBC-27_10114_11-12_ep

## First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

November 12, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number:  CIBC-27
Invoice Number:  10114
Reference Number:  1037

### Credit Card Segmentation

**Professional Fees**

For the period from October 12
through November 5, 2004

$65,625

**Project Related Costs
(Estimated at 17.5%)**

Including computer/infrastructural support for
analysis (e.g., hardware, software and database
access costs), data and voice communications, report
preparation and reproduction, secretarial services,
accounting support, and expenses associated with
out-of-town travel and extended work days, e.g., cabs
and late meals

11,482.50

Total Due:      $77,107.50

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt.  If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable.  An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_CIBC-27_10114_11-12_ep

# First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

Via E-Mail

November 12, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08520

Dear Chris:

Enclosed is our invoice for travel related fees for support on the *Developing PCM Segmentation Framework and Power Question Typing Tool* project.

This invoice covers all travel related costs that incurred from November 2 through November 5, 2004

Sincerely,

David P. Tetenbaum
Managing Vice President

Enclosure

EA_WFB-39_10112_11-09-04ep

## *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

November 12, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number: WFB-39
Invoice Number: 10112
Reference Number: 1036

### *Developing PCM Segmentation Framework and Power Question Typing Tool*

**Travel Related Costs**

Including expenses associated with out-of-town travel (e.g., airfare, hotels, transportation, meals) for the period from November 2 through November 5, 2004

Purpose of travel:
    PCM Attitudinal Segmentation Presentation

Persons traveling:
    David P. Tetenbaum, Tad LeBlond,
    Lucia Bigelow, & AJ McCray

1,777

Total Due:          $1,777

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice. If there are any questions regarding invoices please notify the First Manhattan Consulting Group manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_WFB-39_10112_11-09-04ep

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

November 15, 2004

Joan McManus
Rosetta Marketing Strategies Group
502  Carnegie Ctr, Ste 100
Princeton, NJ  08540

Invoice Number: 500682

---

**Professional Services Fee For Roger Travis**

For the period from November
1 through November 30, 2004.

$6,297

**Total Due:**   **$6,297**

---

*Please note that as per our standard practices, payment is due upon receipt of this invoice.*
*If there are any questions regarding invoices please notify the First Manhattan Consulting Group*
*accounting department within 10 days of receipt.  If we do not hear from you, we will proceed with the engagement*
*and assume the invoice is acceptable.  An interest charge will accrue at the prevailing prime rate*
*on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

## *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group/RCSI
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed are four invoices that represent unbilled amounts as of the wind-down of the
RCSI JV, i.e.:

1. Invoice 500682 – $10,420.  Cost recovery of 50% of Roger Travis' unbilled salary
   and direct benefits for 2004

2. Invoice 10149 – $19,277.  Unbilled professional fees and overhead recovery
   FMCG's support on CIBC card segmentation from November 6 – 15, 2004

3. Invoice 10144 – $13,146.  Unbilled and unrecovered travel expenses related to
   FMCG's support of the CIBC project, with supporting details

4. Invoice 10139 – $112,802.  Unbilled compensation to FMCG for 50% of the
   excess labor contribution by FMCG to the RCSI JV during 2004 as calculated by
   Kurt Holstein on November 1, 2004.

These four invoices total $155,645.  When added to the previously billed and unpaid
invoices, we calculate that RCSI owes FMCG $597,072.  We look forward to immediate
payment of these funds.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosures

EA_CIBC-27_10144_12-06-04_ep

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Christopher B. Kuenne
President
Rosetta Marketing Strategies Group
502 Carnegie Center, Ste 100
Princeton, NJ  08540

Invoice Number: 500682

---

### Cost reimbursement for Roger Travis' salary and benefits at 50%

| | | |
|---|---|---|
| 50% of base salary and direct benefits for the period from November 1 through November 19th, 2004 (Roger Travis' last day of employment on behalf of RCSI) | | $ 5,040 |

Rate adjustment for the period January 1, 2004 through October 30, 2004, as follows:

| | | |
|---|---|---|
| • Cumulative YTD costs incurred by FMCG for 50% of R. Travis' salary and benefits for 9.5 months at $7,358 and .5 months at $4,399 | $72,100 | |
| • Cumulative billings to RCSI from 1/1/04 to 10/31/04 | ($66,720) | $ 5,380 |
| | **Total Due:** | **$10,420** |

---

*Please note that as per our standard practices, payment is due upon receipt of this invoice. If there are any questions regarding invoices please notify the First Manhattan Consulting Group accounting department within 10 days of receipt. If we do not hear from you, we will proceed with the engagement and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

# First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 6, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group/Rosetta CSI
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is an invoice for professional services and associated expenses related to support on:

### CIBC Credit Card Segmentation Project

The time period covered is from November 6 through November 15, 2004. As you are aware, November 15th was FMCG's final day of support on this project. Consequently, we are invoicing you for a pro-rated period of our share of the work performed. A separate invoice will be submitted reconciling our travel-related expenses for this project.

We look forward to your prompt remittance of this invoice.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

EA_CIBC-27_10149_12-06-04_ep

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 6, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group/Rosetta CSI
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number:  CIBC-27
Invoice Number:  10149

## *CIBC Credit Card Segmentation*

### FMCG Professional Services Fees

For the period from November 6
through November 15, 2004

$16,406

### Project Related Costs (17.5% of Professional Services Fees)

Including computer/infrastructure support for analysis (e.g.,
hardware, software and database access costs), data and
voice communications, report preparation and reproduction,
secretarial services, accounting support, etc.

2,871

Total Due:  $19,277

---

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.*
*If there are any questions regarding invoices please notify the First Manhattan Consulting Group*
*manager within 10 days of receipt.  If we do not hear from you, we will proceed with the engagement*
*and assume the invoice is acceptable.  An interest charge will accrue at the prevailing prime rate*
*on balances remaining unpaid after 30 days.*

---

Federal and New York State Tax Identification Number 13-3022645

EA_CIBC-27_10149_12-06-04_ep

## First Manhattan Consulting Group

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group/RCSI
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is an invoice for FMCG's travel related expenses for support on the:

### *CIBC Credit Card Segmentation Project*

This invoice covers all travel related costs that incurred from October 12 through November 15, 2004 (the final day of FMCG involvement on site at the client). As normal practice is to pass these costs through for payment directly to CIBC, we expect prompt payment by RMSG/RCSI upon receipt of funds from the client.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

EA_CIBC-27_10144_12-06-04_ep

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group/RCSI
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number:  CIBC-27
Invoice Number:  10144

### *CIBC Credit Card Segmentation  Project*

**Travel Related Costs**

Including expenses associated with out-of-town travel (e.g.,
airfare, hotels, transportation, meals) for the period from
October 12 through November 15, 2004

$13,146

Total Due:  $13,146

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice.
If there are any questions regarding invoices please notify the First Manhattan Consulting Group
manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement
and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate
on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645

EA_CIBC-27_10144_12-06-04_ep

*First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

### CIBC Credit Card Segmentation Project

| | Air Fare | Ground Transportation | Lodging | Meals | Miscellaneous |
|---|---|---|---|---|---|
| **Roger Travis** | 31.18<br>76.32<br>411.97<br>1,299.92 | 4.00<br>32.00<br>32.00<br>5.75<br>55.32<br>46.70<br>245.84<br>298.00<br>40.00<br>200.00<br>53.55<br>3.00<br>3.10<br>6.00 | 489.92<br>571.17<br>18.00<br>525.70<br>321.67<br>1210.77<br>485.14 | 11.08<br>11.04<br>45.78<br>4.46<br>38.83<br>12.34 | 69.31<br>23.50<br>87.73<br>135.84<br>161.64<br>282.64 |
| **Kathleen Nguyen** | 40.00<br>302.27<br>370.80<br>508.52<br>40.00<br>488.69<br>40.00 | 9.00<br>8.00<br>9.00<br>9.00<br>9.00<br>8.00<br>10.00<br>10.00<br>10.00<br>10.00<br>33.00<br>131.73<br>107.10<br>55.08<br>58.00<br>83.90<br>83.90<br>58.00<br>58.14 | 396.85<br>543.54 | 6.15<br>31.63<br>38.13<br>32.00<br>22.65<br>67.05<br>15.00<br>4.10<br>2.50<br>3.00<br>6.00<br>3.00<br>4.00 | 10.00<br>5.00<br>5.00<br>10.00<br>11.50<br>116.67 |
| **Anjana Srivastava** | 40.00<br>302.27<br>528.69 | 38.00<br>41.00<br>24.00<br>58.14<br>28.38<br>83.13<br>58.14<br>83.64 | 517.52 | 3.03<br>24.18<br>3.26<br>2.94<br>2.76<br>6.51<br>63.80 | |
| | 4,480.63 | 2,200.54 | 5,080.18 | 465.22 | 918.83 |
| **Total** | | | | | **$13,146** |

EA_CIBC-27_10144_12-06-04_ep

## *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Dear Chris:

Enclosed is an invoice for 50% of the FMCG labor cost contribution to RCSI for 2004 as calculated by Kurt Holstein on November 1, 2004.  It has been our mutual understanding that this amount is due to us (at a minimum) to compensate FMCG for labor contributions to the RCSI JV that are in excess of RMSG's.

Sincerely,

Robert M. Tetenbaum
Executive Vice President

Enclosure

RCSI-01 _10139_11-30-04_ep

# *First Manhattan Consulting Group*

90 Park Avenue
New York, NY 10016
(212) 557-0500
http://www.fmcg.com

December 8, 2004

Mr. Chris B. Kuenne
President & Founder
Rosetta Marketing Strategies Group
502 Carnegie Center, Suite 100
Princeton, NJ 08540

Project Number:  RCSI-01
Invoice Number:  10139

## *Compensation for 50% of FMCG's Extra Labor Contribution to the RCSI JV during 2004*

**Salary and Benefit Recovery**

For the period from January 3 through November 8, 2004, per Kurt Holstein's calculations on November 1, 2004

$112,802

**Total Due:**   $112,802

*Please note that as per our proposal and standard practices, payment is due upon receipt of this invoice. If there are any questions regarding invoices please notify the First Manhattan Consulting Group manager within 10 days of receipt. If we do not hear from you, we will proceed with the engagement and assume the invoice is acceptable. An interest charge will accrue at the prevailing prime rate on balances remaining unpaid after 30 days.*

Federal and New York State Tax Identification Number 13-3022645